# EXHIBIT B

7/30/2019 11:02 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35534049
By: C Ougrah
Filed: 7/30/2019 11:02 AM

Cause No. _____

| | |
|---|---|
| **Duncan Litigation Investments, LLC**<br>Plaintiff<br><br>v.<br><br>**Baker, Donelson, Bearman, Caldwell & Berkowitz, a Professional Corporation**<br>Defendant | **In the District Court of**<br><br>**Harris County, Texas**<br><br>**___ Judicial District** |

### Plaintiff's Original Petition and Request for Disclosure

Plaintiff Duncan Litigation Investments, LLC files this Original Petition and Request for Disclosure against Defendant Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, and in support hereof, respectfully shows the Court as follows:

### Discovery Control Plan

1. Plaintiff seeks discovery until Level 2 of the Texas Rules of Civil Procedure.

### Parties

2. Plaintiff Duncan Litigation Investments, LLC ("DLI") is a Texas limited liability company.

3. Defendant Baker, Donelson, Bearman, Caldwell & Berkowitz, a Professional Corporation ("Baker Donelson") is a Tennessee corporation. Its principal office in this state is located in Harris County, Texas. It may be served through its registered agent, Bradley E. Chambers, at 1301 McKinney Street, Suite 3700, Houston, Texas 77010.

### Jurisdiction and Venue

4. This Court has subject matter jurisdiction because the amount in controversy and the damages sought are within the jurisdictional limits of this Court.

5. This Court has personal jurisdiction over Baker Donelson because Baker Donelson has sufficient minimum contacts to be subject to the general jurisdiction of the State of Texas. Alternatively, this case arises out of Baker Donelson's tortious contacts with the State of Texas.

6. Venue is proper in Harris County, Texas, because it is the county in which (1) all or a substantial part of the events or omissions giving rise to the claim occurred and (2) Baker Donelson's principal office in this state is located.

**Background**

7. DLI was formed to invest in a docket of mass-tort cases against BP and other defendants following the 2010 *Deepwater Horizon* disaster. In July 2010, DLI entered a contract with a plaintiffs' attorney and his firm (collectively, the "Firm") whereby DLI would pay up to $6 million in litigation expenses in exchange for half of the Firm's legal fees from the BP docket. DLI eventually invested over $5.8 million in this venture. But due to the Firm's actionable misconduct, DLI lost its entire investment and suffered substantial consequential damages and litigation costs/fees.

8. DLI then engaged Baker Donelson not later than December 2013 to provide legal services including investigating and bringing civil claims against the Firm and the Firm's business associates. Throughout the process, Baker Donelson repeatedly assured DLI that it did not face any issues with the statute of limitations because, according to Baker Donelson, DLI had a tolling agreement with the Firm. In truth, Baker Donelson had negotiated and obtained a tolling agreement for DLI's *individual owner* (himself a Baker Donelson client) not for DLI itself. But DLI—*not the owner*—was the party to the contract with the Firm, and DLI—*not the owner*—held the best causes of action against the Firm.

9. DLI sued the Firm in February 2018. The case was heard by a panel of arbitrators in May 2019. The Panel released its reasoned Final Award in July 2019. The Panel found facts

2

sufficient to support a recovery of rescissory damages, consequential damages, and attorneys' fees for DLI's claims for breach of contract, violation of the Texas Securities Act, and mutual mistake. Notably, these causes of action required simple proof based on facts the Panel found to exist, allowed DLI to recover its full damages without offset or analysis of proportionate fault, and allowed DLI to recover its attorneys' fees. Unfortunately, the Panel also found that all DLI's claims were barred by limitations. Specifically, the Panel wrote: "The Panel members are at a loss to understand why DLI was never included in any of the tolling agreements, particularly given that it must have been clear to DLI's/Duncan's counsel that DLI was the owner of these important potential claims."

10.     In short, DLI would have been awarded between $9.2 and $47.9 million but for Baker Donelson's simple failure to (a) procure a tolling agreement for DLI and not just DLI's owner or (b) warn DLI of the statute of limitations before it was too late.

## Causes of Action

11.     **Negligence.** As DLI's attorneys, Baker Donelson owed DLI a duty of care to provide reasonable professional services. DLI breached that duty of care, including by (1) failing to procure a tolling agreement which protected DLI and (2) failing to advise DLI of the statute of limitations for its claims against the Firm. That breach was the actual and proximate cause of harm to DLI because limitations was the sole reason DLI failed to recover at arbitration. DLI suffered damages equal to the amount it would have recovered in the arbitration had its claims not been time-barred.

## Accrual and Tolling

12.     Regardless of when they accrued, DLI's claim against Baker Donelson is tolled until the resolution of its suit against the Firm. *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154,

3

157 (Tex. 1991). Further, Duncan's malpractice claim was inherently undiscoverable. *Willis v. Maverick*, 760 S.W.2d 642, 645–46 (Tex. 1988).

### Rule 47 Statement

13.     DLI seeks monetary relief in excess of $1 million.

### Request for Disclosure

14.     DLI requests disclosure of all matters described in Texas Rule of Civil Procedure 194.2 within fifty days of service hereof.

### Rule 193.7 Statement

15.     Pursuant to Texas Rule of Civil Procedure 193.7, DLI gives notice that it intends to all documents produced by Baker Donelson in this action.

### Prayer

DLI prays that the Court enter judgment in its favor, awarding it actual damages, pre-judgment interest, post-judgment interest, and taxable costs. DLI further prays for all other relief to which it is entitled.

Respectfully Submitted,

**Meade & Neese LLP**

*/s/ D. John Neese, Jr.*
D. John Neese, Jr.
Texas Bar No. 24002678
jneese@meadeneese.com
Andrew K. Meade
Texas Bar No. 24032854
ameade@meadeneese.com
Samuel B. Haren
Texas Bar No. 24059899
sharen@meadeneese.com
2118 Smith Street
Houston, Texas 77002
Phone: (713) 355-1200

**Attorneys for Plaintiff
Duncan Litigation Investments, LLC**

5